IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

FERNANDO RODRIGUEZ DELGADO PETITIONER

VERSUS CIVIL ACTION NO. 5:26-cv-655-DCB-BWR

MARKWAYNE MULLIN, et al. RESPONDENTS

MEMORANDUM OPINION AND ORDER OF DISMISSAL

This case comes before the Court sua sponte on pro se Fernando Rodriguez Delgado's habeas petition filed under 28 U.S.C. § 2241. Petitioner, an alien detainee, filed his habeas petition on July 21, 2026, while detained at the Adams County Correctional Center in Natchez, Mississippi. On July 30, 2026, the Court entered an Order [2] that ordered Petitioner to complete the enclosed form to file a Petition under 28 U.S.C. § 2241 or file a Notice of Voluntary Dismissal and return it to the Court by August 14, 2026. Order [2] at 1. That Order warned Petitioner that failure to comply could lead to the dismissal of this case. *Id.* at 2. The envelope containing that Order [2] was mailed to Petitioner at his last-known address and it has been returned as "undeliverable". *See* Mail Returned [3] at 1. Petitioner failed to comply with the Order [2].

When Petitioner failed to comply with the Order [2], an Order to Show Cause [4] was entered on August 20, 2026, that directed Petitioner to show cause why he has not complied with

the previous Court Order [2] and to comply with that Order [2] by September 3, 2026. Order [4] at 1-2. Once again, Petitioner has not complied with the Order [4], and the envelope containing that Order to Show Cause [4] addressed to him at his last-known address has been returned as undeliverable marked "released," *see* Mail Returned [6] at 1.

The Court then entered a Second and Final Order to Show Cause [5] directing Petitioner to show cause and to comply with the Order [5] on or before September 30, 2026. Order [5] at 2. That Order [5] warned Petitioner that "[t]his was Petitioner's final opportunity to comply with the Order [2]." *Id.* To date, Petitioner has not responded.

The Court has repeatedly warned Petitioner that failure to comply would result in an order dismissing his claims without further notice. Order [5] at 2; Order [4] at 2; Order [2] at 2; Notice [1-7] at 1.

The Court has the authority to dismiss an action for Petitioner's failure to prosecute under Federal Rule of Civil Procedure 41(b), and under its inherent authority to dismiss the action sua sponte. *See Link v. Wabash Railroad*, 370 U.S. 626, 630-31 (1962); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the

orderly and expeditious disposition of cases. *Link,* 370 U.S. at 630. Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars" of the Court. *Id.* at 630-31. The Court's authority to dismiss an action for failure to prosecute extends to habeas corpus petitions. *See Martinez v. Johnson,* 104 F.3d 769, 772 (5th Cir. 1997).

As the record demonstrates, lesser sanctions than dismissal have not prompted "diligent prosecution," but instead such efforts have proven futile. *See Tello v. Comm'r.*, 410 F.3d 743, 744 (5th Cir. 2005). Dismissal without prejudice is warranted.

IT IS, THEREFORE, ORDERED AND ADJUDGED that pro se Petitioner's habeas corpus Petition [1] is dismissed without prejudice for failure to prosecute and obey the Orders of the Court.[1] A separate final judgment will be entered pursuant to Federal Rule of Civil Procedure 58.

SO ORDERED, this 5th day of November, 2026.

/s/ David C. Bramlette
UNITED STATES DISTRICT JUDGE

[1]A certificate of appealability (COA) is not required to appeal the denial of relief under 28 U.S.C. § 2241 when the petitioner is in federal detention. *See Padilla v. United States*, 416 F.3d 424, 425 (5th Cir. 2005) (citing *Ojo v. I.N.S*, 106 F.3d 680, 681 (5th Cir.1997)).